**In the Matter of Michelle THOMAS, Contempt Proceedings Under Title 28, U.S.C., § 1826(a).**

**No. M 11–188(RWS).**

United States District Court, S.D. New York.

July 26, 1985.

SWEET, District Judge.

Civil contemnor Michelle Thomas ("Thomas") has requested this court to release her from confinement despite her failure to purge herself of her contempt. An evidentiary hearing was held on July 22, 1985. For the reasons discussed below and in the companion case, *In the Matter of Dr. Jean Ford,* 615 F.Supp. 259 (S.D.N.Y.1985), Thomas' motion will be granted.

Thomas is one of a group of civil contemnors seeking release which includes Dr. Jean Ford, and familiarity with my opinion issued today granting Dr. Ford his release will be assumed. Thomas was held in contempt on January 21, 1985 for refusing to testify before the same grand jury as Dr. Ford. Since January 21, 1985 she has been confined in the Metropolitan Correction Center.' She now seeks release on the same grounds as Dr. Ford, namely, that the work of the grand jury has concluded and that her avowal to remain silent despite further incarceration mandates her release under the Second Circuit's holdings in *Simkin v. United States,* 715 F.2d 34 (2d Cir.1983), and *Sanchez v. United States,* 725 F.2d 29 (2d Cir.1984).

Thomas' argument as to the lack of need for her testimony fails for the reasons set forth in the *Ford* opinion. She has not convinced me that her testimony is no longer necessary or useful to the government, nor does the grand jury's recent inactivity support her position given that its ineffectiveness is caused by the refusal of Thomas and others to cooperate.

As to her second argument, as stated in *Ford,* the Second Circuit's holdings in *Simkin* and *Sanchez* require that I make an individualized judgment as to the likelihood that she will abandon her refusal to testify. Thomas, a thirty year old black female, is a fourth year medical student at Rutgers

University who would have received her medical degree on May 22, 1985 if she had not failed to complete her studies because of her incarceration. At the evidentiary hearing, she testified to her activities as a "political activist" over the last fifteen years, including her involvement with various civil rights organizations in addition to the Sunrise Collective, the same organization to which Dr. Ford belongs. She testified as to her long-standing belief in the grand jury's role as a method of political persecution and repeatedly stated that she would never, under any conditions, testify before a grand jury. She also stated that in her view testifying would mean betraying not only her cause but also her "compatriots" including the seven other self-styled grand jury resisters. Thomas' sister, Donna Messiah, and her attorney, Linda Roots, both testified that in their view Thomas would never be willing to testify because of the depth of her convictions and her commitment to others within her "movement."

On the basis of this testimony and the affidavit submitted by Thomas, I am convinced that there is no reasonable possibility that future incarceration will have the effect of convincing her to abandon her refusal to testify. As in the case of Dr. Ford, I believe that the support of an organized group of individuals makes it unlikely that Thomas would be willing to risk the collective disapproval that would follow a decision to testify. Despite the reservations set forth in the *Ford* opinion, I must release Thomas from confinement, given my belief that further incarceration would be solely punitive rather than coercive.

IT IS SO ORDERED.